IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEMIAL SIGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No.:  10 cv 4618 |
| CITY OF CHICAGO, ROBERT STEGMILLER, | ) | |
| KERRY POZULP, S. BRANDON, J.L. LOPEZ, | ) | Judge Harry D. Leinenweber |
| and other UNIDENTIFIED | ) | |
| Chicago Police Officers, | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, SEMIAL SIGLE, by and through his attorney in this regard, GIGI GILBERT, and complaining of Defendants, CITY OF CHICAGO, ROBERT STEGMILLER, KERRY POZULP, S. BRANDON AND J.L. LOPEZ, and other unidentified Chicago Police Officers states as follows:

## NATURE OF THE CASE

1. This suit arises from the violation of civil rights of Plaintiff, SEMIAL SIGLE, for use of excessive SIGLE, and a *Monell* claim in violation of Title 42 U.S.C. section 1983.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. section 1983.  Jurisdiction is based upon 28 U.S.C. section 1331, 1332 and 1367. This court has pendent jurisdiction over the state law claim for respondeat superior and indemnification. Plaintiff demands trial by jury.

## VENUE

3. The violation of civil rights alleged herein were committed within the Northern District of Illinois to wit: the City of Chicago, County of Cook, State of Illinois. This action properly lies in the United States District Court, Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff, SEMIAL SIGLE ("SIGLE"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5. Defendants, ROBERT STEGMILLER, KERRY POZULP, S. BRANDON AND J.L. LOPEZ and other UNIDENTIFIED POLICE OFFICERS were at all times relevant hereto, employed as police officers by the Chicago Police Department and acting under color of state law. Defendant CITY OF CHICAGO is a municipal corporation under Illinois law.

## COUNT I –FALSE ARREST

6. Plaintiff, SIGLE, is a 24 year old Chicago resident.

7. On or about JULY 25, 2009, Plaintiff, SIGLE, was walking in the vicinity of eastbound 55th Place when he was arrested without a warrant and without probable cause by Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ and other UNIDENTIFIED Chicago police officers.

8. The conduct of Plaintiff, SIGLE, prior to his arrest could not be reasonably interpreted by the Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS as constituting

probable cause that SIGLE had committed, was committing, or was about to commit a crime.

9. The facts and circumstances within Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS' knowledge would not lead reasonable police officers to believe that SIGLE had committed, was committing or was about to commit a crime.

10. While DEFENDANT ROBERT STEGMILLER and KERRY POZULP falsely arrested SIGLE Defendants S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS knew that ROBERT STEGMILLER was about to falsely arrest Plaintiff.

11. Defendants S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS had a realistic opportunity to do something to prevent the harm from the false arrest from occurring.

12. Defendants S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS failed to take reasonable steps to prevent harm from the false arrest from occurring.

13. Defendants S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS failure to act caused SIGLE to suffer harm.

14. Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS were acting under color of state law as members of the Chicago Police Department at all relevant times herein.

15. Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS intentionally violated SIGLE's federally protected constitutional right not to be arrested or seized without probable cause in violation of the Fourth Amendment to the Constitution of the United States.

16. Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS ' acts were done with malice and/or reckless indifference to SIGLE's federally protected rights.

17. As a direct and proximate result of Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS' actions, SIGLE, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

18. As a direct and proximate result of Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS' actions SIGLE was deprived of rights, privileges and immunities under the Fourth Amendment to the United States Constitution and the laws of the State of Illinois.

WHEREFORE, Plaintiff, SEMIAL SIGLE, prays that this Honorable Court enter a judgment in his favor and against Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ and other unidentified Chicago police officers for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys fees and costs; and

(d)     Such other and further relief as this court deems reasonable.

## COUNT II - EXCESSIVE USE OF FORCE

1-18.    SIGLE alleges the allegations contained in paragraphs 1-18 above as if fully set forth as paragraphs 1-18 herein.

19.    Under the totality of circumstances at the time of arrest, and while SIGLE was in custody, Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS used greater SIGLE than was reasonably necessary to make the arrest of SIGLE.

20.    Defendants, ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS violently threw him to the ground, and repeatedly kicked him in the face with such force that he suffered a fractured jaw and tooth among other acts of excessive use of SIGLE.

21.    While Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON used excessive force against SIGLE Defendants, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS knew that GARRETT was about to use excessive SIGLE against Plaintiff.

22.    Defendants J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS had a realistic opportunity to do something to prevent the harm from the excessive use of SIGLE from occurring.

23.    Defendants J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS failed to take reasonable steps to prevent harm from the excessive use of SIGLE from occurring.

24. Defendants J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS failure to act caused SIGLE to suffer harm.

25. Defendant, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS, stood by and witnessed police misconduct, failed to take any steps to stop his misconduct and never reported the misconduct to their superiors in the Chicago Police Department.

26. As a direct and proximate result of Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS' actions, SIGLE suffers and continues to suffer physical pain requiring medical care, and suffered physical and emotional pain and mental anguish some or all of which may be permanent.

28. Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS acted under color of state law, and intentionally used excessive SIGLE and/or unreasonable SIGLE in effecting SIGLE's arrest, in violation of his Fourth Amendment rights under the United States Constitution to be free from excessive SIGLE in violation of 42 U.S.C. section 1983.

29. Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON, J.L. LOPEZ AND OTHER UNIDENTIFIED OFFICERS' use of excessive SIGLE and/or unreasonable SIGLE in effecting SIGLE'S arrest was done with malice and/or reckless indifference to SIGLE'S federally protected rights.

WHEREFORE, Plaintiff, SEMIAL SIGLE, prays that this Honorable Court enter a judgment in his favor and against Defendants ROBERT STEGMILLER, KERRY POZULP, S. BRANDON AND J.L. LOPEZ and other unidentified Chicago police officers for the following relief:

    (a)    Compensatory damages in an amount to be determined at trial;

    (b)    Punitive damages in the amount to be determined at trial;

    (c)    Reasonable attorneys fees and costs; and

    (d)    Such other and further relief as this court deems reasonable.

## COUNT III - STATE LAW RESPONDEAT SUPERIOR

30. SIGLE alleges the allegations contained in paragraphs 1-31 above as if fully set forth as paragraphs 1-31 herein.

31. In committing the acts alleged in the preceding paragraphs, the Defendant officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

32. Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, SEMIAL SIGLE, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

    (a)    Compensatory damages in an amount to be determined at trial;

    (b)    Reasonable attorneys fees and costs; and

    (c)    Such other and further relief as this court deems reasonable.

## COUNT IV - STATE LAW INDEMNIFICATION

33. SIGLE alleges the allegations contained in paragraphs 1-33 above as if fully set forth as paragraphs 1-33 herein.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. Defendants, ROBERT STEGMILLER, KERRY POZULP, S. BRANDON AND J.L. LOPEZ and other UNIDENTIFIED POLICE OFFICERS were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, SEMIAL SIGLE, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Reasonable attorneys fees and costs; and

(c) Such other and further relief as this court deems reasonable.

## COUNT V – MONELL CLAIM

36. The misconduct described above was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a) The Chicago Police Department has a policy and practice of encouraging the very type of misconduct at issue here by failing to adequately supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b) The Chicago Police Department has a policy and practice of facilitating the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized;

c) The Chicago Police Department has a policy and practice of encouraging the very type of misconduct at issue here as its Independent Police Review Authority and its predecessor agency Office of Professional Standards fails to adequately investigate allegations of excessive use of force and disproportionately fails to sustain allegations of excessive force.

d) The Chicago Police Department has a policy and practice of encouraging the very type of misconduct at issue here as municipal policy makers are aware of and facilitate a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e) The Chicago Police Department has a policy and practice of encouraging the very type of misconduct at issue here by requiring that Complaints Registered against police officers only be maintained for the preceding five years and thereby preventing the City from ascertaining any patterns of abuse which might develop against a police officer;

37. As a direct and proximate result of Defendants excessive use of force as well as Defendant CITY OF CHICAGO's policy and practice, SIGLE, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

38. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to SIGLE'S federally protected rights.

WHEREFORE, Plaintiff, SEMIAL SIGLE, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO, for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

     (b)     Reasonable attorneys fees and costs; and

     (c)     Such other and further relief as this court deems reasonable.

                                Respectively Submitted,


                                By://s// Gigi Gilbert_____

Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson, Suite #356
Chicago, IL 60604
(312) 554-0000
#6199394
gigigilbert@monadnockbuilding.net