Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4618 | **DATE** | 5/3/2012 |
| **CASE TITLE** | Segle vs. Stegmiller | | |

**DOCKET ENTRY TEXT**

For the following reasons, Plaintiff's motion to bar the testimony of Defendants' medical expert, Dr. Akers, is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

### I. Background

Plaintiff has moved to bar testimony from Defendants' expert Dr. Paul Akers. Dr. Akers is, according to Defendants, an experienced maxillofacial surgeon and diplomat to the American Board of Oral & Maxillofacial Surgery. Although a copy of his resume, publications, and previous testimony has not been provided to the Court, Defendants aver (and Plaintiff does not dispute) that that information has been provided to Plaintiff. In any event, Plaintiff challenges the adequacy of Akers' report, not his qualifications.

The substantive portion of Dr. Akers' expert opinion is a one-page letter. In it, Dr. Akers states that "it is my medical opinion, that within a reasonable degree of certainty that [Plaintiff's] broken jaw may have occurred while [Defendants subdued] Mr. Sigle and forc[ed] him to the ground while he was resisting arrest. The fracture may have occurred when Mr. Sigle hit the floor in the hallway." Essentially, Dr. Akers concludes that the defendants' account is "very plausible" in light of the injuries as described in the medical records, but that the relative lack of facial bruising or lacerations is, in his experience as a maxillofacial surgeon, inconsistent with being hit or kicked multiple times in the face. Accordingly, Dr. Akers concluded that Mr. Sigle's version of events was inconsistent with the medical evidence that he reviewed.

### II. Legal standard

Rule 26 requires a party to disclose "a complete statement of all opinions [an expert witness] will express and the basis and reasons for them." Rule 26(a)(2)(B)(i). Whether such testimony is admissible is governed by Federal Rule of Evidence 702, and the line of cases originating with *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993). *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Courts undertake a three-step analysis to determine whether such testimony is relevant and reliable, not "unscientific speculation offered by a genuine scientist." *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 318 (7th Cir. 1996). First, the witness must be qualified as an expert based on his knowledge, skill, experience, training, or education. Fed. R. Evid. 702. Second, his reasoning or methodology must be scientifically reliable. *Ervin,* 492 F.3d at 904. Courts consider a variety of factors in determining whether an opinion is reliable, including whether the theory has been tested or

published, and whether it is generally accepted in the scientific community; however, the inquiry is flexible and relevant factors vary by the kind of expertise at issue. *See Smith v. Ford Motor Co.*, 215 F.3d 713, 719-20 (7th Cir. 2000). Finally, the testimony must assist the trier of fact to understand certain evidence or determine a fact at issue in the case. *Ervin,* 492 F.3d at 904.

### III. Discussion

Plaintiff objects that the expert report does not satisfy Rule 26 in that it is unsigned and insufficiently sets forth the basis for Akers' conclusions. There is no dispute that the report is unsigned, but Plaintiff has identified no prejudice that he suffered by that error. It was harmless. The Court accordingly permits Defendants to produce a corrected copy of the expert report which includes a proper signature.

As to the substance of the report, the Court notes that the substantive portion of Dr. Akers' report is hardly overwhelming in its detail. Nonetheless, Dr. Akers notes that he has reviewed the medical records from two relevant hospitals, transcripts of IPRA investigations, and the parties' depositions. Although he sets forth Defendants' account at greater length than Plaintiff's, Dr. Akers notes the conflicting stories and states that in his medical experience, Defendants' account of what transpired is a plausible explanation for Plaintiff's injuries, whereas Plaintiff's account is not. *Cf. Mosby v. Silberschmidt*, No. 08-cv-677, 2010 WL 4536999, at *2 (W.D. Wis. Nov. 2, 2010) (noting that where the expert explained what documents he reviewed and applied his experience as a practicing dentist to that information, the brevity of the expert report did not render it inadmissible). The fact that Dr. Akers did not examine Plaintiff before offering his opinion does not render that opinion unreliable or otherwise impermissible. *See Walker v. Soo Line R. Co.*, 208 F.3d 581, 591 (7th Cir. 2000). Accordingly, the Court does not agree that Dr. Akers' opinion is unreliable in that it fails to provide a basis for his conclusions, or merely parrots Defendants' story.

The shortness of the opinion is doubtless attributable at least in part to its simplicity: Akers' opinion is essentially that any significant blunt trauma to the face can result in a broken jaw, and that both parties have proffered a theory of what that trauma was in this case. Based on Dr. Akers' medical experience, the absence of noted significant facial lacerations or bruising makes Plaintiff's account of the incident inconsistent with the medical evidence. Plaintiff objects that Akers is not qualified as an expert in how jaws are fractured, but he doesn't have to be. Nowhere in his report does he state that he knows what caused the fracture – he merely opines that Defendants' account is consistent with a force that could have broken Plaintiff's jaw (and unlike Plaintiff's version, is evidently not undermined by other medical evidence). It is well understood that blunt trauma can result in a jaw fracture, and that punches and kicks to the face generally produce cuts and bruises — almost to the point of not requiring expert testimony. They certainly do not require any more expertise than Dr. Akers has.

It is a closer question, however, whether Dr. Akers' opinions will be helpful to the jury. If it were true, as Plaintiff's briefing implies, that Akers gave no more than his general conclusion that Defendants' account could have produced Plaintiff's broken jaw, this Court would be inclined to exclude that opinion as too general to be helpful. *Cf. Myers v. Illinois Central R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010) (conducting a reliable differential etiology involves ruling possible causes of a condition in or out). Unlike in *Myers,* and despite Plaintiff's careful avoidance of this point, Dr. Akers did rule something out – Plaintiff's explanation of how he was injured. *See White v. City of Chicago,* No. 07 C 2539, 2011 WL 679905, at *11 (N.D. Ill. Feb. 16, 2011) (A doctor may testify that his professional experience is inconsistent with a plaintiff's account of injuries). To the extent that his medical experience allows him to rule out Plaintiff's explanation, as set forth in Plaintiff's own deposition, he has adequately stated the basis for his conclusion and the testimony could help the jury resolve the contested issue of fact. *Cf. Banister v. Burton*, 636 F.3d 828, 832 (7th Cir. 2011) (treating physician gave descriptive testimony and then applied his basic medical knowledge to that information in opining that a plaintiff's injuries would not have stopped him from moving in certain ways.).

It is not, however, particularly hard for a layperson to grasp that a fractured jaw can be caused by blunt trauma, or that a significant beating to the face would be expected to result in bleeding, swelling, or lacerations. *See Dhillon v. Crown Controls Corp.,* 269 F.3d 865, 871 (7th Cir. 2001) (to be helpful to the jury, an expert must

| STATEMENT |
|---|

testify to something that is not obvious to a layman). Nonetheless, because the individual experiences of prospective jurors may vary considerably, the Court does not conclude that the proffered opinion is so obvious that brief expert testimony would be impermissible under the circumstances. Given that there is no dispute that Dr. Akers is qualified, and that this Court has found his opinions to be sufficiently reliable and helpful to the jury, Plaintiff's motion to bar is denied.

    The Court notes, however, that Defendants will be held to the thinness of the report. For example, it contains no statement that there is anything unique to Plaintiff's jaw fracture that is especially consistent with Defendants' story. Defendants will not be permitted later to offer opinions not disclosed in the report.

### IV. Conclusion

    For the foregoing reasons, the Court denies Plaintiff's ocean to bar the testimony of Defense expert Dr. Akers.